UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CYNTHIA M. CURTIS,

    Plaintiff,                    CIVIL ACTION NO. 10-12442

v.                              DISTRICT JUDGE JOHN CORBETT O'MEARA

COMMISSIONER OF            MAGISTRATE JUDGE MARK A. RANDON
SOCIAL SECURITY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION TO
<u>GRANT DEFENDANT'S MOTION TO DISMISS (DKT. 7)</u>**

This matter is before the undersigned Magistrate Judge pursuant to an order of reference filed June 22, 2010 (Dkt. No. 3). On September 27, 2010, Defendant Commissioner of Social Security (Defendant) filed the instant motion to dismiss (Dkt. No. 7) contending that Plaintiff Cynthia Curtis' (Plaintiff) filing of her complaint seeking judicial review of the Commissioner's decision was untimely. Plaintiff, who is proceeding *pro se*, did not file any written response to Defendant's motion to dismiss, despite being ordered to do so on two separate occasions (Dkt. Nos. 8 & 9). Indeed, in an Order dated February 7, 2011, the undersigned stated:

> The Court will give Plaintiff one final chance to respond to
> Defendant's motion to dismiss. Plaintiff is hereby **ORDERED** to
> file a written response to Defendant's motion to dismiss on or
> before ***FRIDAY, FEBRUARY 18, 2011.*** If Plaintiff does not have
> a copy of Defendant's motion to dismiss, she should contact
> counsel for Defendant – Lynn Marie Dodge – at (313) 226-9100

>  and request a copy.  ***Plaintiff should be aware that failure to respond to Defendant's motion to dismiss may result in the dismissal of her case.***

(Dkt. 9, emphasis in original).  February 18, 2011 has come and gone, and Plaintiff has not filed any response to Defendant's motion to dismiss.  At this point, it appears that Defendant's motion to dismiss is unopposed, and the motion is therefore ready for Report and Recommendation.

Judicial appeals of Social Security decisions are authorized and governed by 42 U.S.C. § 405(g), which provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g).  Consistent with this statutory authority, the Commissioner's regulations provide that such a civil action:

> [M]ust be instituted within 60 days after the Appeals Council's notice of denial of request for review of the presiding officer's decision . . . is received by the individual . . . .  For purposes of this section, the date of receipt of notice of denial of request for review of the administrative law judge's decision . . . shall presumed to be 5 days afer the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c).  The statute of limitations as set forth in section 405(g) serves the dual purpose of eliminating stale claims and providing "a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986).  Courts have strictly construed the statute of limitations in Social Security appeals.  "Even one day's delay in filing the action is fatal."

*Wiss v. Weinberger*, 415 F. Supp. 293, 294 (E.D. Pa. 1976); *see also Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007) (affirming district court's dismissal of complaint filed one day late); *Watson v. Comm'r of Soc. Sec.*, No. 1:06-cv-446 (W.D. Mich. Sept. 10, 2007) (appeal dismissed as untimely when filed four days late); *Zampella v. Barnhart*, No. 03-232-P-C, 2004 WL 1529297 (D. Me. June 16, 2004) ("[w]hile this result might be considered harsh, delays of a single day have been held to require dismissal").

In the present case, the Appeals Council denied Plaintiff's request for review on April 16, 2010 (Dkt. 1, page 3) Plaintiff's complaint should have been filed within 65 days, *i.e.*, on or before June 21, 2010. Therefore, Plaintiff's complaint filed on June 22, 2010 (Dkt. 1), is untimely, and must be dismissed.

Although not argued by Plaintiff, I note that equitable tolling may be applied to extend the limitation period under appropriate circumstances. Courts consider the following factors in determining whether equitable tolling of a statute of limitations should apply:

> (1) the [plaintiff's] lack of [actual] notice of the filing requirement;
> (2) the [plaintiff's] lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the [defendant]; and (5) the [plaintiff's] reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Cook*, 480 F.3d at 437 (quoting *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001)). In this case, Plaintiff has not filed any response to Defendant's motion to dismiss indicating a lack of notice or knowledge of the filing requirement. The Appeals Council notice clearly sets forth the requirements, including the deadline, and further informs parties of the ability to ask for an extension of the deadline. Therefore, the first and second factors weigh against Plaintiff.

Moreover, the record does not indicate that Plaintiff requested any extensions. Instead, it appears that Plaintiff simply miscalculated the deadline or otherwise failed to assure that her pleading was filed on time, neither of which provide a ground justifying the application of equitable tolling. Although Defendant may not suffer much prejudice, the strength of the other factors lead me to recommend that, if it had been raised, equitable tolling should not apply in these circumstances.

## CONCLUSION

Accordingly, **IT IS RECOMMENDED** that the Commissioner's motion to dismiss be **GRANTED** and that the case be **DISMISSED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length

unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

                                                  s/Mark A. Randon  
                                                  Mark A. Randon  
                                                  United States Magistrate Judge

Dated:  February 24, 2011

*Certificate of Service*

    *I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, February 24, 2011, by electronic and/or ordinary mail.*

                                                *s/Barbara M. Radke*  
                                                *Judicial Assistant*

**Copy mailed to:**  
*Cynthia Curtis*  
*5218 Burnside Rd.*  
*North Branch, MI 48461*